<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

      [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 98-1750

                         UNITED STATES,

                           Appellee,

                               v.

                   GIOVANY HERNANDEZ-GARCIA,
                    A/K/A VANI, A/K/A BANI,

                     Defendant, Appellant.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Salvador E. Casellas, U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

          Campbell and Wallace, Senior Circuit Judges.

                     _____________________

   Laura Maldonado-Rodrguez, by appointment of the Court, for
appellant.
   Miguel A. Pereira, Assistant United States Attorney, with whom
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Chief
Criminal Division, Nelson Prez-Sosa and Michelle Morales,
Assistant United States Attorneys were on brief, for appellee.
                                 

                      ____________________
                       February 15, 2000
         
                      ____________________

        WALLACE, Senior Circuit Judge.  Giovanni Hernndez-Garca
was tried and convicted of conspiracy to distribute more than five
kilograms of cocaine in violation of 21 U.S.C.  841, 846.  The
district court had jurisdiction pursuant to 18 U.S.C.  3231.  His
appeal was timely filed, and we have jurisdiction pursuant to 28
U.S.C.  1291.  We affirm.
                               I.
        Hernndez-Garca first argues that he received
ineffective assistance of counsel at trial because of a conflict of
interest with his attorney.  This conflict arose, Hernndez-Garca
argues, because his counsel was unprepared, failed to file motions,
and previously represented one of the cooperating witnesses who
testified against him.
        This is not the proper forum to address an ineffective
assistance of counsel argument.  Such claims "will not be
entertained on direct appeal absent a sufficiently developed
evidentiary record.  Instead, a collateral proceeding under 28
U.S.C.  2255 is the appropriate vehicle for such an
ineffective-assistance claim."  United States v. Ademaj, 170 F.3d
58, 64 (1st Cir.) (citations omitted), cert. denied, 120 S. Ct. 206
(1999).  Hernandez's ineffective assistance of counsel argument is
fact-intensive, making it more appropriate in a section 2255
setting.

                              II.
        Hernndez-Garca next argues that the district court
erred in admitting tape recorded evidence against him without
proper voice identification as required by Federal Rule of Evidence
901.  We review for abuse of discretion.  See United States v.
Citro, 938 F.2d 1431, 1438 (1st Cir. 1991).
        Before certain voice evidence is admissible, it must be
authenticated pursuant to Rule 901(a), (b)(15).  "The rule does not
erect a particularly high hurdle."  United States v. Ortiz, 966
F.2d 707, 716 (1st Cir. 1992).  The burden of authentication "does
not require the proponent of the evidence to rule out all
possibilities inconsistent with authenticity, or to prove beyond
any doubt that the evidence is what it purports to be.  Rather, the
standard for authentication, and hence for admissibility, is one of
reasonable likelihood."  United States v. Holmquist, 36 F.3d 154,
168 (1st Cir. 1994).
        At a Carbone hearing to determine the admissibility of
wiretap evidence obtained during a Title III interception, see
United States v. Carbone, 798 F.2d 21, 24-25 (1st Cir. 1986),
Special Agent Cintrn identified Hernndez-Garca's voice.  
However, shortly thereafter, he stated he was not sure of his
identification because the voice may have been that of another
defendant.  Regardless, Agent Cintrn testified that he presumed
that Hernndez-Garca's voice was on the recording based on
circumstantial evidence:  a speaker on the recording identified
himself as "Vani," Hernndez-Garca's alias, and there was only one
"Vani" investigated and indicted.
        Angel Ruiz-Adorno, a cooperating government witness, also
positively identified Hernndez-Garca's voice after listening to
the recordings.  Hernndez-Garca attempted to impeach Ruiz-Adorno,
leaving a credibility finding for the district court.  The district
judge ruled that he was satisfied, based on Agent Cintrn's and
Ruiz-Adorno's testimony, that Hernndez-Garca's voice was properly
identified.
        The district court did not abuse its discretion.  
Circumstantial evidence, either alone or in conjunction with direct
evidence, is admissible for Rule 901 authentication purposes.  See
United States v. Carrasco, 887 F.2d 794, 804 (7th Cir. 1989).  
Thus, the district court properly relied upon Agent Cintrn's
testimony that the audiotapes identify "Vani," i.e., Hernndez-
Garca, and that there was only one "Vani" associated to the drug
conspiracy in making his Rule 901 ruling.
        Hernndez-Garca argues that Ruiz-Adorno could not have
met him at the time Ruiz-Adorno testified, but this was a
credibility issue to be resolved by the district court.  In
addition, at no time did Hernndez-Garca foreclose the possibility
that Ruiz-Adorno actually met Hernndez-Garca at some other time
prior to his positive voice identification at the Carbone hearing.
        For these reasons, the district court did not abuse its
discretion in determining that the audiotapes were properly
authenticated.
                              III.
        Hernndez-Garca also argues that the evidence was
insufficient to find that he ever joined the conspiracy.  In making
this argument, Hernndez-Garca:
                     bears a heavy burden: he must show that no
          rational jury could have found him guilty
          beyond a reasonable doubt.  We review the
          sufficiency of the evidence as a whole, in
          a light most favorable to the verdict,
          taking into consideration all reasonable
          inferences.  We resolve all credibility
          issues in favor of the verdict.  The
          evidence may be entirely circumstantial,
          and need not exclude every hypothesis of
          innocence; that is, the factfinder may
          decide among reasonable interpretations of
          the evidence.

United States v. Scharon, 187 F.3d 17, 21 (1st Cir. 1999)
(citations omitted).
        Having reviewed the evidence as outlined above, we hold
that it was sufficient to uphold the jury's verdict.  Ruiz-Adorno
testified that he saw Hernndez-Garca give a bag full of money to
Wes Solano-Moreta, the head of the drug conspiracy.  The jury heard
two audiotapes comprising conversations between Hernndez-Garca
and Wes Solano-Moreta concerning drug trafficking.  It saw two
videotapes showing Hernndez-Garca at known drug distribution
points.  It also saw a photograph in which Hernndez-Garca is seen
with Wes Solano-Moreta.  FBI Special Agent Vzquez testified that
during an authorized wiretap of a beeper Solano-Moreta used, the
beeper received 192 messages from "Vani."  The fact that much of
the evidence is circumstantial, and that the government did not
identify Hernndez-Garca's precise role in the conspiracy, do not
diminish the jury's finding of guilt.  See Scharon, 187 F.3d at 21
(stating that jury can rely entirely upon circumstantial evidence);
United States v. Laboy-Delgado, 84 F.3d 22, 27 (1st Cir. 1996)
(stating "to prove a defendant guilty of a narcotics-related
conspiracy the government need not specify and prove with
particularity the defendant's exact role in the scheme").  The
evidence was sufficient to uphold the jury verdict.
                              IV.
        Hernndez-Garca next argues that the district court
erred in calculating his sentencing range.  He challenges the
district court's findings on drug quantities and role in the
offense, contending that because the district court's findings are
not specific, we cannot properly settle the sentencing issue.
        In United States v. Fal-Gonzlez, No. 98-1749, slip op.
at __ (collecting cases), a companion case, we held that if a
defendant is dissatisfied with the district court's sentencing
findings, he must request more specific findings at sentencing in
order to challenge the findings on appeal.  Hernndez-Garca did
challenge the presentence report recommendation concerning drug-
quantity and role in the offense.  However, after the district
court heard evidence from both sides and made its findings
regarding these issues, Hernndez-Garca offered no further
objections, despite the district court's asking three times whether
counsel had any further points to make.  Having failed to request
more specific findings in the district court, Hernndez-Garca
cannot challenge the specificity of those findings here.  See id.
                               V.
        Finally, Hernndez-Garca argues that the district court
should have granted his motion for new trial, brought pursuant to
Federal Rule of Criminal Procedure 33, based on newly discovered
evidence that one telephone call recorded during a Title III
intercept of Solano-Moreta cellular phone, and used against
Hernndez-Garca at trial, did not take place during the authorized
intercept time.  The basis for Hernndez-Garca's argument is that
cellular billing records, obtained after trial, do not indicate a
call being made on the Title III target phone at the time the
government maintains.  Hernndez-Garca's co-defendant Fal-
Gonzlez raised this identical issue.  See Fal-Gonzlez, slip op.
at ___.  For the same reasons stated there, we hold that there was
no manifest abuse of discretion in denying the motion.
        AFFIRMED.

</body>

</html>